# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SHAUN TRISTAN WILLIAMS,

                Petitioner,   :       Case No. 2:20-cv-5460

  - vs -                          District Judge Michael H. Watson
                                        Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
 Orient Correctional Institution,

                                            :
                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Shaun Williams under 28 U.S.C. § 2254, is before the Court for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Traverse (ECF No. 12).

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

**Litigation History**

On February 13, 2018, a Logan County Grand Jury indicted Williams on one count of engaging in a pattern of corrupt activity along with two other persons at count seven of the indictment. (Indictment, State Court Record, ECF No. 9, Exhibit 1). A superseding indictment was then filed

1

extending the time frame. *Id.* at Ex. 5.  A second superseding indictment was filed May 8, 2018. *Id.* at Ex. 7.

On September 17, 2018, the State filed a Bill of Information charging Williams with two counts of trafficking in heroin. *Id.* at Ex. 10.  Williams waived indictment and entered a plea of guilty. *Id.* at Exs. 11, 12.  He was then sentenced to an aggregate term of imprisonment of six years. *Id.* at Ex. 13.  Williams then appealed to the Ohio Court of Appeals for the Third District with the assistance of new counsel. After appellate counsel filed an *Anders* brief and was permitted to withdraw, Williams filed a new brief *pro se.*  *Id.* at Ex. 17.  The Third District affirmed the conviction and sentence.  *State v. Williams,* Case No. 8-19-17 (3rd Dist. Nov. 20, 2019)(copy at State Court Record, ECF No. 9, Ex. 18).  The Supreme Court of Ohio declined appellate jurisdiction (Entry, State Court Record, ECF No. 9, Ex. 21).

Williams filed his Petition for Writ of Habeas Corpus in this Court by placing it in the prison mail system on October 13, 2020 (Petition, ECF No. 1, PageID 8).  He pleads the following grounds for relief:

> **Ground One**: Petitioner was denied due process when the state appellate court refused to provide counsel to brief and argue an indigent defendant's first appeal as of right, based on appointed counsel's conclusory statement of no merits, when counsel failed to diligently and thoroughly search record for arguable merits.
>
> **Supporting Facts**: In *Penson v. Ohio,* 488 U.S. 75 (1988), the Supreme Court found constitutional error in providing substitute counsel to brief and argue an indigent's appeal where appointed counsel has made a conclusory statement that no merits exist. The constitutional violation is unambiguously clear herein. Petitioner, notwithstanding his indigency, was made to take on the complexities of the appellate process on his limited knowledge of the law and articulation. While Petitioner was able to inartful point out some areas of concern, he was "unable to protect the vital interests at stake". *Penson*, 488 U.S. at 85, citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). This constitutes a pervasive denial of counsel, which casts doubt on the fairness of the appellate process, and renders, the results presumptively, prejudicial. *Penson*, 488 U.S. at 88, citing

*Strickland v. Washington,* 466 U.S. 668, 692 (1984) and *Sattlewhite [sic; should be Satterwhite] v. Texas*, 486 U.S. 249, 256 (1988).

Given entitlement to a presumptively prejudicial finding, the second constitutional concern of *Penson*, *supra* need not be addressed to move forward to double-jeopardy claim. *Strickland*, 466 U.S. at 697. Conversely, Petitioner raised double-jeopardy concerns that were passed upon by the state courts. As such, there is no need to condition a writ upon recommittal for examination of appointed counsel's performance or double-jeopardy concerns that were allowed to be papered over in the first instance. Equally important, the appellate court's attention wasn't adequately focused on arguable claims, because it was unguided by the adversary process itself.

**Ground Two**: Petitioner suffers violation of the protection from double – jeopardy.

**Supporting Facts**: As discussed in the introduction, the power to punish is thru means which the laws have provided for that purpose. The Double Jeopardy Clause is one of those laws affecting a State's ability to punish. It is applicable to state court prosecutors thru the Due Process Clause. *Benton v. Maryland*, 395 U.S. 784 (1969). It precludes prosecution of a person who has been hailed into court and convicted for a crime which has various incidents included in it. *Harris v. Oklahoma*, 433 U.S. 682, 683 (1977). It is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal and spatial units. *Brown v. Ohio,* 432 U.S. 161,169 (1977). Lastly, it protects against attempts to secure additional punishment after a prior conviction and sentence. *Green v. U.S.*, 355 U.S. 184, 187-88(1957).

Petitioner's ignorant failure to claim the protections afforded by the Double Jeopardy Clause does not remove the constitutional concerns involved. *Johnson v. Zerbst,* 304 U.S. 458, 465 (1938) Rather, the clause's constitutional policy of finality worked to Petitioner's benefit. *U.S. v. Jorn*, 400 U.S. 470, 479 (1971). Where the Clause is applicable, its sweep is absolute, because it declares a policy that is not open to further judicial examination. *Burks v. U.S.*, 437 U.S. 1, 11 at fn. 6 (1978). The first touchstone for double-jeopardy concerns came by way of the superseding indictment. As a matter of common sense, this calls into mind a State's lawful attempt to secure additional punishment for the same case. However, Petitioner could not be held to answer a superseding indictment, because he was already convicted and sentenced. *Green*, *supra*.

3

> Therefore, as an act of gamesmanship, the prosecution redrafted a "bill of information" using the same case number as the superseding indictment. In theory, this presents the illusion of unrelated events associated with prior case and superseding case. In practice, this commits violence to *Brown* and *Harris* because Case No. CR-18-02-0032 was prosecuted on the theory that Petitioner made drug transactions for the furtherance of the illicit enterprise that caused the overdose of two customers. (sic) The sale to a CI, which made up prior case, and texts between one of the overdose victims formed the basis for Petitioner's involvement. Dismissing the superseding indictment was superficial, because the bill of information still involved the sales that were in the furtherance of the enterprise, and the penultimate sentence was supported by the customers' overdoses. (sic)
>
> Had Petitioner been provided with an attorney acting on his behalf, said could have persuaded the obvious double-jeopardy violation. Given the pervasive denial to counsel presents a gateway for federal habeas review of the passed upon grievance, this Court ought to issue an unconditional writ of habeas corpus on Petitioner's behalf.

(Petition, ECF No. 1, PageID 4-8).

## Analysis

**Ground One Denial of Counsel on Appeal**

After Williams pleaded guilty, his trial attorney, Jim R. Gudgel, filed a Notice of Appeal on his behalf (State Court Record, ECF No. 9, Ex. 14). Although no entry of appointment has been made part of the State Court Record, new counsel, Samantha L. Berkhofer, filed Williams' Appellant Brief. *Id.* at Ex. 15. Attorney Berkofer's Brief was filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and advised the Third District that:

> Pursuant to *Anders v. California* (1967), 386 U.S. 738 and *State v. Duncan* (1978), 57 Ohio App.2d 93, appellate counsel has thoroughly examined the record in the case at bar and has found no issue for which to base an appeal. Counsel has reviewed the record of the trial court including the trial transcript and has researched

4

> applicable case law and has not found a meritorious issue that he can appeal.

*Id.* at PageID 92. The Third District notified Williams of this filing and offered him an opportunity to file a supplement *pro se*. *Id.* at Ex. 16. His Supplemental Brief makes clear that he is writing about Logan County Case No. CR 18 02 0032. He was at that time already incarcerated at Noble Correctional Institution as a result of the judgment in Logan County Case No. CR 17 03 0100. (See PageID 156, 159). He alleged the crimes for which he was sentenced in the 2017 case "materialized around the same time as the aforementioned matter at hand," that is, the offense to which he pleaded guilty in the 2018 case. Williams argues strongly that the two cases are unrelated: "Defendant/Appellant argues firmly that the evidence regarding Mr. Williams prior conviction from same court is irrelevant to this matter, Case No. CR 17030100 to Case No. CR 18 020032." *Id.* at PageID 162.

Despite that statement, he then claims the State violated his Double Jeopardy rights by indicting him in the 2018 case. *Id.* at PageID 163, invoking the double jeopardy protection against a second trial and punishment for the "same offense." He then asserts in conclusory fashion that he received ineffective assistance of trial counsel in entering his guilty plea and that the trial court did not comply with Ohio R. Crim. P. 11 in taking that plea.

The Third District found "no merit to the "arguable" issues of error raised by counsel for Appellant" (Judgment Entry, State Court Record, ECF No. 9, PageID 224). Having reached that conclusion, it proceeded, under *Penson v. Ohio*, 488 U.S. 75 (1988), to consider the merits of the issues raised in the Supplemental Brief and concluded:

> Furthermore, the record discloses no evidence that this sentence violated Appellant's double jeopardy rights. . . .
>
> We find no merit to Appellant's assertions of error at the change of plea and sentencing hearings. Moreover, based upon this Court's full examination of the record and proceedings, we agree with counsel's conclusion that there are no non-frivolous appealable issues in this case. *See Penson,* 102 L.Ed.2d at 309. Having reviewed the

5

> entire record and having found the appeal to be wholly frivolous under *Anders,* the motion to withdraw filed by counsel is well taken.

*Id.* at PageID 225-26.

Williams claims that the process he received violated *Penson* (Traverse, ECF No. 12, PageID 336). He asserts he was saddled with a prosecutor on appeal instead of an advocate and was forced to plead his assignments of error on his own without the assistance of counsel. He never asked the Third District for substitute counsel, nor has he ever claimed, by filing an application to reopen under Ohio R. App. P. 26(B), his appointed counsel provided ineffective assistance of appellate counsel.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In *Penson* the Supreme Court was faced with a situation where initial counsel had filed a completely conclusory *Anders* brief but had nonetheless been permitted to withdraw. When the Ohio Second District Court of Appeals then reviewed the record on its own, it found several arguable issues but refused to appoint new counsel. In this case the *Anders* brief was not completely conclusory and the Third District examined each of Williams proposed assignments and found none of them to be arguable.

The Third District's decision here is a reasonable application of *Penson*. Williams First

Ground for Relief should therefore be denied.

**Ground Two: Double Jeopardy**

In his Second Ground for Relief, Williams asserts his Double Jeopardy rights have been violated because his imprisonment in the 2018 case is for the same offense as his imprisonment in the 2017 case.

Williams argues that one of the acts making up the alleged pattern of corrupt activity in the Indictment in the 2018 case was the same fourth degree aggravated trafficking in drugs that formed the basis of the 2017 conviction (Traverse, ECF No. 12, PageID 337). As proof he refers the Court to the Bill of Particulars in the 2018 case (State Court Record, ECF No. 9, Ex. 8). That document recites in part:

> On February 1, 2017, Jessica Meeks, Todd Prall, and Shaun Williams did sell methamphetamine, fentanyl, furanyl fentanyl, and acryl fentanyl in Logan County, Ohio. . . On July 17, 2017, Williams plead guilty to Aggravated Trafficking in Drugs, F-3, regarding this Incident.

*Id.* at PageID 59-60. The Amended Bill of Particulars recites this act (on which it provides far more details) as one of the acts the State will prove to show a pattern of corrupt activity.

The Bill of Information to which Williams pleaded guilty charged in Count One with trafficking in a certain amount of heroin between September 9, 2016, and November 2, 2016 (State Court Record, ECF No. 9, Ex. 10). Count Two charges trafficking in heroin from November 3, 2016, through January 31, 2017. *Id.*

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Brown v. Ohio,* 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969).  The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).  The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other."  *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

In this case the three offenses of which Williams stands convicted each has a different element:  each charges him with sale of heroin on different dates.  The Double Jeopardy Clause has never been interpreted to hold that if a person is convicted of selling heroin on a given date, he cannot be convicted of selling heroin a second time on a different date or even of making a second sale on the same date.

The Third District's conclusion that there was no Double Jeopardy violation in this case is not an objectively unreasonable application of *United States v. Dixon, supra,* or *Blockburger v. United States.*  Williams' Second Ground for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should

not be permitted to proceed *in forma pauperis*.

March 31, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #