# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SHAUN TRISTAN WILLIAMS,**

        Petitioner,        Case No. 2:20-cv-5460

   v.                              **District Judge Michael H. Watson**
                                  **Magistrate Judge Michael R. Merz**

**JAY FORSHEY, Warden,**
**Orient Correctional Institution,**

        Respondent.

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Shaun Williams ("Williams") under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections, ECF No. 14, to the Magistrate Judge's Report and Recommendations ("R&R") recommending that the Petition be dismissed with prejudice. ECF No. 13.

When a party objects to a Magistrate Judge's R&R on a dispositive motion, the District Judge is required by Rule 72(b) of the Federal Rules of Civil Procedure to review *de novo* any portion of the Report to which specific objection has been made. Having reviewed the R&R employing that standard, the Court hereby **ADOPTS** the R&R of the Magistrate Judge, **OVERRULES** Petitioner's objections, and **ORDERS** that the Petition be dismissed with prejudice. While reaching the

same conclusions as the Magistrate Judge, the Court adds the following analysis.

Petitioner pleads two grounds for relief. First, he argues that the Third District Court of Appeals denied him due process when it refused to appoint new appellate counsel after original counsel filed an *Anders* brief and withdrew. Second, he claims his conviction and sentence for trafficking heroin violates the Double Jeopardy Clause when he had already been convicted on another charge of trafficking heroin which was part of the same pattern of activity.

Williams objects only to the proposed dismissal of Ground One. Obj., ECF No. 14 at PAGEID # 364. On Ground One, the Magistrate Judge concluded the Third District complied with the relevant Supreme Court precedent, *Penson v. Ohio*, 488 U.S. 75 (1988). After original counsel filed an *Anders* brief, the appellate court examined the record for any arguable issues. Finding none, they did not appoint new counsel but invited Petitioner to brief any issues he wished *pro se*. Having considered the *pro se* brief on the merits, the Third District affirmed the conviction. *State v. Williams,* Case No. 8-19-17 (3rd Dist. Nov. 20, 2019) (copy at State Court Record, ECF No. 9, Ex. 18). The Supreme Court of Ohio then declined further appellate review. Entry, State Court Record, ECF No. 9, Ex. 21. The R&R concluded the Third District's decision was a reasonable application of *Penson* and therefore entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No 104-132, 110 Stat. 1214, (the "AEDPA") as codified at 28 U.S.C. § 2254(d)(1). R&R, ECF No. 13 at PAGEID ## 360–61.

Williams objects that the R&R analysis of *Penson* is "shallow" and the Third

District's interpretation of that precedent is "not reasonable." Obj., ECF No. 14, PAGEID ## 364–65. He bases this conclusion on the "trial court's concern for double jeopardy infringement," *id.* at PAGEID # 365, citing the trial transcript (State Court Record, ECF No. 9-2, PAGEID ## 291–92). Williams also argues the record shows the trial court lost jurisdiction because of the delay of more than 180 days from the March 13, 2018 demand for speedy disposition to the September 27, 2018 plea. *Id.*

Examining the transcript at the place cited, the Court finds Judge Goslee makes no comment about double jeopardy at all. Rather, he is asking about when Williams was in prison for his 2017 case, and Williams' lawyer explains the situation. Williams' appellate attorney explains more thoroughly that the offenses in this case happened before Williams was incarcerated on the 2017 charges. Appellant's Brief, State Court Record, ECF No. 9, PAGEID # 93. This brief was not a conclusory dismissal of possible issues but analyzes the case for twelve pages and suggests possible issues. *Id.* Having reviewed the *Anders* Brief, the Third District gave Williams a month to file his own *pro se* brief. Notice, State Court Record, ECF No. 9, Ex. 16. In his *pro se* brief, Williams did raise a double jeopardy claim. Brief, State Court Record, ECF No. 9, Ex. 17, PAGEID # 165. The Third District, however, concluded that appellate counsel correctly found there were no non-frivolous issues that required appointment of new counsel under *Penson*. Judgement, State Court Record, ECF No. 9, Ex. 18.

The Court agrees with the Third District and the R&R that Williams' Double

Jeopardy claim is frivolous. His convictions for trafficking in heroin in the 2017 case and for two counts in the 2018 case are for different dates, which makes them separate offenses, separately punishable, under Ohio law and therefore under the Double Jeopardy Clause.

Williams' second issue is his assertion the Logan County Court of Common Pleas lost jurisdiction when it did not take Williams' plea within 180 days of his demand for speedy disposition. This issue was not mentioned in the *Anders* brief nor was it raised by Williams in his *pro se* Brief. He raised his *Penson* claim on appeal to the Supreme Court of Ohio but did not include this as an omitted assignment of error. Memorandum in Support of Jurisdiction, State Court Record, ECF No. 9, Ex. 20, PAGEID ## 237–38. Nor did he plead it as a ground for relief in his habeas corpus petition. It is axiomatic that a habeas petitioner may not add a new claim as part of a traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)). For the same reasons, it is inappropriate to raise a new constitutional claim for the first time in objections to a R&R on the merits. Here, Petitioner raises a claim which no other person in this litigation—trial counsel, appellate counsel, the Third District, or Petitioner himself—recognized until now and then seeks a conditional writ requiring a new appeal with new counsel to raise this claim.

Williams' claim under *Penson* is essentially a claim that he was provided ineffective assistance of appellate counsel. While the R&R addresses this claim on the merits, the Court also finds it is procedurally defaulted. Under Ohio law, the

sole method for raising a claim of ineffective assistance of appellate counsel is by application for reopening the appeal under Ohio R. App. P. 26(B). The R&R found that Williams never filed a 26(B) application. ECF No. 13, PAGEID # 360. The Objections do not dispute that finding but assert 26 (B) is "inapposite because counsel withdrew without filing a merits brief." ECF No. 14, PAGEID # 366. This argument begs the question. Williams claims he was denied effective assistance of appellate counsel because counsel withdrew and no new counsel was appointed. This is a claim of denial of the Sixth Amendment right to effective counsel on appeal by counsel's omitting to argue meritorious assignments of error. Neither Ohio law nor federal law applying it suggests 26(B) is not available to test a *Penson* claim.

Having reviewed the R&R *de novo* on the basis of Petitioner's Objections, the Court concludes the Objections are without merit, and they are **OVERRULED**. The Report is **ADOPTED**, and the Clerk is direct to enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**