# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SHAUN TRISTAN WILLIAMS,

                Petitioner,   :       Case No. 2:20-cv-5460

   - vs -                            District Judge Michael H. Watson
                                     Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
 Orient Correctional Institution,

                             :

                Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment pursuant to Fed.R.Civ.P. 59(e)(ECF No. 17). According to the Certificate of Service, the Motion was placed in the prison mailing system on June 17, 2021, and is therefore timely.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to

> prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted).

In *Penson v. Ohio*, 488 U.S. 75 (1988), the United States Supreme Court held that (1) the Ohio Second District Court of Appeals had violated the accused's right to counsel under the Federal Constitution's Fourteenth Amendment, as explicated in *Anders v California*, 386 US 738 (1967), by (a) granting counsel's motion for leave to withdraw, where that motion was not accompanied by a brief drawing attention to anything in the record that might arguably support the appeal, (b) failing to examine the record to determine whether counsel's evaluation of the case was sound before it acted on his motion, and (c) failing to appoint new counsel to represent the accused after it had determined that there were several arguable claims of error. *Penson* arrived at the Supreme Court by writ of certiorari directed to the Second District Court of Appeals and was remanded to that court for further proceedings. That is, the Supreme Court did not decide for itself whether Penson had any meritorious assignments of error, a question which depended on Ohio law and the facts of the case. See *Penson*, N. 9).

Williams contends that this Court "by opining [sic] the transcript, this Court has, in effect, sat as a secondary appellate court in contravention of *Penson*" [*v. Ohio,* 488 U.S. 75 (1988)]. That argument misunderstands Supreme Court jurisprudence. When the Supreme Court grants a writ of certiorari, it is typically on one or more specified questions of law. In *Penson* Justice Stevens

identified that question as being the same as the one presented in *Anders*, to wit, "May a State appellate court refuse to provide counsel to brief and argue an indigent criminal defendant's first appeal as of right on the basis of a conclusory statement by the appointed attorney on appeal that the case has no merit and that he will file no brief." 488 U.S. at 77.

Once it had answered the question on which it had granted certiorari, the Supreme Court did not then sit as if it were the Second District Court of Appeals. Instead, it remanded the case for the Second District to perform its role as it had now been instructed was proper.

A District Court sitting in habeas corpus has a different role. When a state court has decided a federal constitutional question on the merits, the role of the District Court is to decide if that state court decision is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). This Court decided that the Ohio Third District Court of Appeals decision in this case did not violate *Penson* or *Anders* because that court decided, not unreasonably, that there were no arguable assignments of error (Opinion and Order, ECF No. 15, PageID 370). *Penson* does not require that every time an appellate attorney files an *Anders* brief, the appellate court must appoint a new attorney. Assuming there truly are no arguable issues on appeal, such a reading of *Penson* would create an infinite regress: as each new appellate attorney reviewed the file and found no issues, the appellate court would have to appoint new counsel to repeat the same vain process.

Instead, *Penson* is reasonably read as holding that the Anders process cannot be completely formalistic. An attorney filing an *Anders* brief must put some effort into identifying possibly arguable issues. And the appellate court granting withdrawal after an Anders brief must give plausible reasons, not mere conclusory statements.

In this case the Court did not put itself into the place of the Third District Court of Appeals

3

by deciding *de novo* whether there were arguable assignments of error. Instead, it found that the Third District's decision that there were not any such issues was a not unreasonable application of Supreme Court precedent. That is precisely the role the Supreme Court has instructed District Courts to perform under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). See *Williams v. Taylor,* 529 U.S.362 (2000); *White v. Wheeler*, 577 U.S. 73 (2015)(per curiam), quoting *White v. Woodall*, 572 U.S. 415 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011). If this Court had decided there were obviously arguable assignments of error, it would not have proceeded to decide those assignments, but would have issued a conditional writ of habeas corpus requiring the Third District to appoint new counsel.

Williams proceeds to argue the merits of his double jeopardy claim by asserting trial counsel misled the trial court about the separateness of the crimes in suit. The time to have made that argument was before judgment; Rule 59(e) is not the place to reargue the merits of the case. Moreover, Williams has supported that argument with a copy of the trial court docket which is not part of the State Court Record on which this Court decided the case.

Williams also reargues his claim that the trial court lost jurisdiction to try him. The Court rejected this claim because it was never raised until Williams made objections on the merits (Opinion and Order, ECF No. 15, PageID 372). In his instant Motion he asserts he never intended this as an independent claim but rather as an example of issues that a competent attorney should have raised on appeal (Motion, ECF No. 17, PageID 377). But, as Judge Watson pointed out in dismissing the case, it had never before been raised as either a "claim" or an "example" (ECF No. 15, PageID 372). Williams adverts to the familiar legal maxim that a claim of lack of subject matter jurisdiction can never be waived (Motion, ECF No. 17, PageID 377). But that does not imply that it can be raised in habeas corpus for the first time in objections to a report and

recommendations on the merits. Instead, it must first be raised in the Ohio courts and exhausted there before being considered by this Court.

**Conclusion**

Williams has not demonstrated any manifest error of law in this Court's denial of his Petition for Writ of Habeas Corpus. His Fed.R.Civ.P. 59(e) Motion should therefore be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 25, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #